1

2

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Dec 28, 2023

SEAN F. McAVOY, CLERK

3

4

5

UNITED STATES DISTRICT COURT

6

EASTERN DISTRICT OF WASHINGTON

7

| | |
|---|---|
| PAUL B.,[1] | No. 4:23-cv-05045-MKD |
| Plaintiff, | ORDER AFFIRMING DECISION OF COMMISSIONER |
| v. | **ECF Nos. 10, 12** |
| MARTIN O'MALLEY, COMMISSIONER OF SOCIAL SECURITY,[2] | |
| Defendant. | |

8

9

10

11

12

13

14

[1] To protect the privacy of plaintiffs in social security cases, the undersigned

15

identifies them by only their first names and the initial of their last names. *See*

16

LCivR 5.2(c).

17

[2] Martin O'Malley became the Commissioner of Social Security on December 20,

18

2023. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Martin

19

O'Malley is substituted for Kililo Kijakazi as the defendant in this suit. No further

20

action need be taken to continue this suit. *See* 42 U.S.C. § 405(g).

ORDER - 1

Before the Court are the parties' briefs.  ECF Nos. 10, 12.  The Court, having reviewed the administrative record and the parties' briefing, is fully informed.  For the reasons discussed below, the Court affirms the Commissioner's decision.

## JURISDICTION

The Court has jurisdiction over this case pursuant to 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

A district court's review of a final decision of the Commissioner of Social Security is governed by 42 U.S.C. § 405(g).  The scope of review under § 405(g) is limited; the Commissioner's decision will be disturbed "only if it is not supported by substantial evidence or is based on legal error."  *Hill v. Astrue*, 698 F.3d 1153, 1158 (9th Cir. 2012).  "Substantial evidence" means "relevant evidence that a reasonable mind might accept as adequate to support a conclusion."  *Id*. at 1159 (quotation and citation omitted).  Stated differently, substantial evidence equates to "more than a mere scintilla[,] but less than a preponderance."  *Id.* (quotation and citation omitted).  In determining whether the standard has been satisfied, a reviewing court must consider the entire record as a whole rather than searching for supporting evidence in isolation.  *Id.*

In reviewing a denial of benefits, a district court may not substitute its judgment for that of the Commissioner.  *Edlund v. Massanari*, 253 F.3d 1152,

ORDER - 2

1156 (9th Cir. 2001).  If the evidence in the record "is susceptible to more than one rational interpretation, [the court] must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue,* 674 F.3d 1104, 1111 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 404.1502(a).  Further, a district court "may not reverse an ALJ's decision on account of an error that is harmless." *Id*.  An error is harmless "where it is inconsequential to the [ALJ's] ultimate nondisability determination." *Id*. at 1115 (quotation and citation omitted).  The party appealing the ALJ's decision generally bears the burden of establishing that it was harmed. *Shinseki v. Sanders*, 556 U.S. 396, 409-10 (2009).

### FIVE-STEP EVALUATION PROCESS

A claimant must satisfy two conditions to be considered "disabled" within the meaning of the Social Security Act.  First, the claimant must be "unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(A).  Second, the claimant's impairment must be "of such severity that he is not only unable to do his previous work[,] but cannot, considering his age, education, and work experience, engage in any other kind of

ORDER - 3

substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

The Commissioner has established a five-step sequential analysis to determine whether a claimant satisfies the above criteria. *See* 20 C.F.R. § 404.1520(a)(4)(i)-(v). At step one, the Commissioner considers the claimant's work activity. 20 C.F.R. § 404.1520(a)(4)(i). If the claimant is engaged in "substantial gainful activity," the Commissioner must find that the claimant is not disabled. 20 C.F.R. § 404.1520(b).

If the claimant is not engaged in substantial gainful activity, the analysis proceeds to step two. At this step, the Commissioner considers the severity of the claimant's impairment. 20 C.F.R. § 404.1520(a)(4)(ii). If the claimant suffers from "any impairment or combination of impairments which significantly limits [his or her] physical or mental ability to do basic work activities," the analysis proceeds to step three. 20 C.F.R. § 404.1520(c). If the claimant's impairment does not satisfy this severity threshold, however, the Commissioner must find that the claimant is not disabled. *Id.*

At step three, the Commissioner compares the claimant's impairment to severe impairments recognized by the Commissioner to be so severe as to preclude a person from engaging in substantial gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). If the impairment is as severe or more severe than one of the

enumerated impairments, the Commissioner must find the claimant disabled and award benefits.  20 C.F.R. § 404.1520(d).

If the severity of the claimant's impairment does not meet or exceed the severity of the enumerated impairments, the Commissioner must pause to assess the claimant's "residual functional capacity."  Residual functional capacity (RFC), defined generally as the claimant's ability to perform physical and mental work activities on a sustained basis despite his or her limitations, 20 C.F.R. § 404.1545(a)(1), is relevant to both the fourth and fifth steps of the analysis.

At step four, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing work that he or she has performed in the past (past relevant work).  20 C.F.R. § 404.1520(a)(4)(iv).  If the claimant is capable of performing past relevant work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. § 404.1520(f).  If the claimant is incapable of performing such work, the analysis proceeds to step five.

At step five, the Commissioner considers whether, in view of the claimant's RFC, the claimant is capable of performing other work in the national economy.  20 C.F.R. § 404.1520(a)(4)(v).  In making this determination, the Commissioner must also consider vocational factors such as the claimant's age, education, and past work experience.  *Id.*  If the claimant is capable of adjusting to other work, the Commissioner must find that the claimant is not disabled.  20 C.F.R. §

ORDER - 5

1  404.1520(g)(1).  If the claimant is not capable of adjusting to other work, the

2  analysis concludes with a finding that the claimant is disabled and is therefore

3  entitled to benefits.  *Id.*

4       The claimant bears the burden of proof at steps one through four above.

5  *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999).  If the analysis proceeds to

6  step five, the burden shifts to the Commissioner to establish that 1) the claimant is

7  capable of performing other work; and 2) such work "exists in significant numbers

8  in the national economy."  20 C.F.R. § 404.1560(c)(2); *Beltran v. Astrue*, 700 F.3d

9  386, 389 (9th Cir. 2012).

10                          **ALJ'S FINDINGS**

11       On January 13, 2017, Plaintiff applied for Title II disability insurance

12  benefits alleging a disability onset date of June 30, 2015.  Tr. 15, 105, 220-26.  The

13  application was denied initially and on reconsideration.  Tr. 126-29, 131-34.

14  Plaintiff appeared before an administrative law judge (ALJ) on February 5, 2019.

15  Tr. 42-89.  On March 14, 2019, the ALJ denied Plaintiff's claim.  Tr. 12-34.

16  Plaintiff appealed the denial, resulting in a remand from this Court.  Tr. 1980-88.

17  Plaintiff appeared for a remand hearing on October 26, 2021.  Tr. 1908-39.  On

18  November 26, 2021, the ALJ again denied Plaintiff's claim.  Tr. 1851-77.

19       At step one of the sequential evaluation process, the ALJ found Plaintiff,

20  who met the insured status requirements through December 31, 2021, engaged in

ORDER - 6

substantial gainful activity from July 2016 through October 2016, but did not

otherwise engage in work that rose to the level of substantial gainful activity.  Tr.

1856.  For the purposes of the analysis, the ALJ considered the time period from

the alleged onset date through the date of the decision, despite the period of gainful

activity.  Tr. 1856-57.  At step two, the ALJ found that Plaintiff has the following

severe impairments: right hip pain, status post right hip labral repair in June 2017;

mild lumbar spondylosis at L3-L4, L4-L5, and L5-S1 facet arthrosis; cervical

spondylosis; PTSD; major depressive disorder; and unspecified anxiety disorder.

Tr. 1857.

At step three, the ALJ found Plaintiff does not have an impairment or

combination of impairments that meets or medically equals the severity of a listed

impairment.  *Id.*  The ALJ then concluded that Plaintiff has the RFC to perform

sedentary work with the following limitations:

> [Plaintiff] can lift no more than 10 pounds at a time occasionally and
> lift or carry 5 pounds at a time frequently.  He can sit for 6-hours, and
> stand and walk for 2-hours, in an eight-hour workday with normal
> breaks.  As for postural activities, [Plaintiff] can occasionally stoop,
> crouch, kneel, crawl, and climb ramps and stairs, but he can never
> climb ladders or scaffolds.  He can occasionally reach overhead
> bilaterally.  He should avoid bright sunshine and flashing lights, but
> computer monitors are okay.  He should have ready access to a
> restroom.  With regard to mental limitations, [Plaintiff] can perform
> simple routine work tasks, but no production pace or conveyor belt
> type work.  He is capable of occasional routine judgment, defined as
> being able to make simple decisions and work-related decisions.  He
> can have simple workplace changes.  He should have no contact with
> the public, but he can be around coworkers, just not in a teamwork

ORDER - 7

type setting.  He can have brief superficial contact with supervisors, but up to occasional contact for training.

Tr. 1859.

At step four, the ALJ found Plaintiff is unable to perform any of his past relevant work.  Tr. 1867.  At step five, the ALJ found that, considering Plaintiff's age, education, work experience, RFC, and testimony from the vocational expert, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform, such as document preparer, stuffer, and final assembler, optical.  Tr. 1868.  Therefore, the ALJ concluded Plaintiff was not under a disability, as defined in the Social Security Act, from the alleged onset date of June 30, 2015, through the date of the decision.  Tr. 1869.

Plaintiff filed written exceptions to the Appeals Council, and on March 14, 2023, the Appeals Council denied review of the ALJ's decision, Tr. 1829-33, making the ALJ's decision the Commissioner's final decision for purposes of judicial review.  *See* 42 U.S.C. § 1383(c)(3).

## ISSUES

Plaintiff seeks judicial review of the Commissioner's final decision denying him disability insurance benefits under Title II of the Social Security Act.  Plaintiff raises the following issues for review:

1. Whether the ALJ properly evaluated the Veterans Affairs (VA) disability rating;

ORDER - 8

2.  Whether the ALJ properly evaluated Plaintiff's symptom claims;

3.  Whether the ALJ properly evaluated the medical opinion evidence; and

4.  Whether the ALJ conducted a proper step-five analysis.

ECF No. 10 at 5.

## DISCUSSION

**A. Veterans Affairs Disability Rating**

Plaintiff contends the ALJ erred in his consideration of the Plaintiff's VA disability rating.  ECF No. 10 at 7-12.  The ALJ must ordinarily give great weight to a VA determination of disability "because of the marked similarities between" the VA and SSA as "federal disability programs."  *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002).[3]  However, "[b]ecause the VA and SSA criteria

_____

[3] For claims filed on or after March 27, 2017, decisions made by other governmental agencies are "neither inherently valuable or persuasive," and ALJs "will not provide any analysis about how we considered such evidence."  20 C.F.R. § 404.1520b(c) (2017).  "This amended regulation will overrule *McCartey*'s requirement that 'an ALJ must ordinarily give great weight to a VA determination of disability' or provide 'persuasive, specific, valid reasons for [giving less weight] that are supported by the record."  *Underhill v. Berryhill*, 685 F. App'x 522, 524 n.1 (9th Cir. 2017) (J. Ikuta, dissenting) (internal citations omitted).  Because this

ORDER - 9

for determining disability are not identical, [] the ALJ may give less weight to a VA disability rating if he gives persuasive, specific, valid reasons for doing so that are supported by the record." *Id*.

The ALJ considered the multiple VA ratings in the record. Tr. 1866. On February 14, 2018, Plaintiff received a 90 percent rating for service-connected impairments, including tension headaches, seborrheic dermatitis and hyperhidrosis, and irritable bowel syndrome. Tr. 1866 (citing Tr. 313-17). On February 21, 2019, Plaintiff was found unemployable effective May 23, 2017. Tr. 1866 (citing Tr. 2070-74). The determination states Plaintiff sought an unemployability rating based on his PTSD, tension headaches, and irritable bowel syndrome with gastroesophageal reflux disease. Tr. 2072. There is an undated document that documents individual ratings: tension headaches (50 percent); PTSD (50 percent); acute stress disorder (10 percent); seborrheic dermatitis and hyperhidrosis (10 percent); and irritable bowel syndrome with gastroesophageal reflux disease (30 percent). Tr. 502. The ALJ gave the VA ratings little weight. Tr. 1866.

The ALJ was previously directed by this Court to evaluate the February 2019 VA rating. Tr. 1982. At the remand hearing, the ALJ stated, "We can, you

_____

case was filed before March 27, 2017, the Court applies *McCartey* to the ALJ's analysis.

ORDER - 10

know, evaluate the reasons but not the rating.  I don't know if the Federal Court

knows that." Tr. 1916.  However, while ALJs are no longer required to consider

disability findings from other agencies for cases filed on or after March 27, 2017,

they are still required to consider the ratings for cases filed before March 27, 2017.

20 C.F.R. § 404.1520b(c) (2017); *McCartey*, 298 F.3d at 1076.  As Plaintiff filed

the claim prior to March 27, 2017, the ALJ was required to consider the VA rating

and give it great weight or give persuasive, specific, valid reasons, supported by

the record, to give it less weight.

The ALJ set forth the standard for considering VA ratings; he stated there is

a marked similarity between the programs, but the VA criteria differs from the

Social Security criteria and thus is not binding on the Social Security

Administration.  Tr. 1866.  The ALJ stated he made a de novo determination of

Plaintiff's qualifications for benefits.  *Id.*  The fact that the VA and Social Security

systems vary is not reason alone to reject the rating.  *See Valentine v. Comm'r Soc.*

*Sec. Admin.*, 574 F.3d 685, 695 (9th Cir. 2009) (citing *McCarety*, 298 F.3d at

1076). As the ALJ offered another supported reason to reject the rating, the ALJ

reasonably considered the fact that the two programs differ.

The ALJ also found the VA's rating, which found Plaintiff unemployable,

was inconsistent with Plaintiff's ability to attend college between 2015 and 2018

and earn an associate degree. Tr. 1866.  The ALJ found Plaintiff's ability to attend

ORDER - 11

1  school was compatible with the sedentary RFC.  *Id.*  An ALJ may consider a

2  claimant's activities as evidence inconsistent with a VA disability rating.  *See*

3  *Connors v. Berryhill*, No. 6:15-cv-2365-SI, 2017 WL 2930584, at \*5 (D. Or. July

4  5, 2017) (claimant's work history provided persuasive, specific, valid reason to

5  reject VA disability rating).  Plaintiff attended school from 2015 through 2018,

6  which included both online and in person attendance, and he was able to obtain his

7  associate degree in 2018.  Tr. 2072-73.  Plaintiff then went on to take further

8  classes.  Tr. 1864.  The ALJ reasonably found Plaintiff's ability to attend classes

9  and successfully obtain his degree was inconsistent with a finding of

10  disability/unemployability.  As discussed further *infra*, the ALJ also offered

11  multiple reasons in other sections of the decision to reject Plaintiff's allegations of

12  disabling limitations; Plaintiff's activities of daily living, ability to maintain a

13  seasonal job, and the overall objective evidence are all inconsistent with the VA's

14  rating.

15       The ALJ gave persuasive, specific, and valid reasons, supported by the

16  record, to reject the rating.  Plaintiff is not entitled to remand on these grounds.

17  **B. Plaintiff's Symptom Claim**

18       Plaintiff faults the ALJ for failing to rely on reasons that were clear and

19  convincing in discrediting his symptom claims.  ECF No. 10 at 12-16.  An ALJ

20  engages in a two-step analysis to determine whether to discount a claimant's

ORDER - 12

testimony regarding subjective symptoms.  SSR 16-3p, 2016 WL 1119029, at *2.

"First, the ALJ must determine whether there is objective medical evidence of an

underlying impairment which could reasonably be expected to produce the pain or

other symptoms alleged." *Molina*, 674 F.3d at 1112 (quotation marks omitted).

"The claimant is not required to show that [the claimant's] impairment could

reasonably be expected to cause the severity of the symptom [the claimant] has

alleged; [the claimant] need only show that it could reasonably have caused some

degree of the symptom." *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009).

Second, "[i]f the claimant meets the first test and there is no evidence of

malingering, the ALJ can only reject the claimant's testimony about the severity of

the symptoms if [the ALJ] gives 'specific, clear and convincing reasons' for the

rejection." *Ghanim v. Colvin*, 763 F.3d 1154, 1163 (9th Cir. 2014) (citations

omitted).  General findings are insufficient; rather, the ALJ must identify what

symptom claims are being discounted and what evidence undermines these claims.

*Id*. (quoting *Ghanim*, 763 F.3d at 1161; *Thomas v. Barnhart*, 278 F.3d 947, 958

(9th Cir. 2002) (requiring the ALJ to sufficiently explain why it discounted

claimant's symptom claims)).  "The clear and convincing [evidence] standard is

the most demanding required in Social Security cases." *Garrison v. Colvin*, 759

F.3d 995, 1015 (9th Cir. 2014) (quoting *Moore v. Comm'r of Soc. Sec. Admin*., 278

F.3d 920, 924 (9th Cir. 2002)).

ORDER - 13

1    Factors to be considered in evaluating the intensity, persistence, and limiting

2 effects of a claimant's symptoms include: 1) daily activities; 2) the location,

3 duration, frequency, and intensity of pain or other symptoms; 3) factors that

4 precipitate and aggravate the symptoms; 4) the type, dosage, effectiveness, and

5 side effects of any medication an individual takes or has taken to alleviate pain or

6 other symptoms; 5) treatment, other than medication, an individual receives or has

7 received for relief of pain or other symptoms; 6) any measures other than treatment

8 an individual uses or has used to relieve pain or other symptoms; and 7) any other

9 factors concerning an individual's functional limitations and restrictions due to

10 pain or other symptoms.  SSR 16-3p, 2016 WL 1119029, at *7; 20 C.F.R. §

11 404.1529(c).  The ALJ is instructed to "consider all of the evidence in an

12 individual's record," to "determine how symptoms limit ability to perform work-

13 related activities."  SSR 16-3p, 2016 WL 1119029, at *2.

14    The ALJ found that Plaintiff's medically determinable impairments could

15 reasonably be expected to cause some of the alleged symptoms, but that Plaintiff's

16 statements concerning the intensity, persistence, and limiting effects of his

17 symptoms were not entirely consistent with the evidence.  Tr. 1860.

18    *1. Inconsistent Objective Medical Evidence*

19    The ALJ found Plaintiff's symptom claims were not consistent with the

20 objective medical evidence.  Tr. 1860-64.  An ALJ may not discredit a claimant's

ORDER - 14

symptom testimony and deny benefits solely because the degree of the symptoms

alleged is not supported by objective medical evidence.  *Rollins v. Massanari*, 261

F.3d 853, 857 (9th Cir. 2001); *Bunnell v. Sullivan*, 947 F.2d 341, 346-47 (9th Cir.

1991); *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989); *Burch v. Barnhart*, 400

F.3d 676, 680 (9th Cir. 2005).  However, the objective medical evidence is a

relevant factor, along with the medical source's information about the claimant's

pain or other symptoms, in determining the severity of a claimant's symptoms and

their disabling effects.  *Rollins*, 261 F.3d at 857; 20 C.F.R. § 404.1529(c)(2).

Although Plaintiff has some documented physical abnormalities on

examination, the ALJ noted multiple normal findings throughout the record.  Tr.

1860- 64.  Examinations documented negative straight leg raise tests, full range of

motion and normal strength, only mild findings on imaging, and negative Patrick's

test, FABER and FADIR testing.  Tr. 1860-62, 1864 (citing, e.g., Tr. 548-58, 654-

56, 846, 1674).  Even when Plaintiff rated his pain at an eight out of ten, Plaintiff

had a relatively normal examination, including normal straight leg raise test,

strength, reflexes, and clonus testing, though he had tenderness and an antalgic

gait.  Tr. 1863 (citing Tr. 1680-83).  Plaintiff also reported improvement with

treatment, as discussed further *infra*.

The ALJ noted that a provider's medical records stated some of Plaintiff's

symptoms did not begin until the 2021 car accident.  Tr. 1862.  Plaintiff contends

ORDER - 15

1  the provider's records stated that in error, and that Plaintiff experienced the

2  symptoms prior to the accident.  ECF No. 10 at 13.  However, the ALJ relied on

3  numerous other medical records to support the finding, thus any reliance on the

4  allegedly erroneous record is harmless.  *See Carmickle v. Commr's of Soc. Sec.*

5  *Admin.*, 533 F.3d 1155, 1162-63 (9th Cir. 2008).

6        The ALJ also found Plaintiff's allegations of significant mental health

7  symptoms were inconsistent with the objective evidence.  Tr. 1863.  Plaintiff had

8  normal memory, attention, speech, orientation, insight, judgment, mood, and affect

9  at multiple appointments.  *Id.* (citing, e.g., Tr. 1199, 1462, 1470, 1498).  Plaintiff

10  also had gaps in his mental health treatment.  Tr. 1864.  The ALJ reasonably found

11  the objective medical evidence was inconsistent with Plaintiff's symptom claims.

12  This was a clear and convincing reason, along with the other reasons offered, to

13  reject Plaintiff's claims.

14        *2.  Activities of Daily Living*

15        The ALJ found Plaintiff's activities of daily living were inconsistent with his

16  symptom claims.  Tr. 1860, 1864-65.  The ALJ may consider a claimant's

17  activities that undermine reported symptoms.  *Rollins*, 261 F.3d at 857.  If a

18  claimant can spend a substantial part of the day engaged in pursuits involving the

19  performance of exertional or non-exertional functions, the ALJ may find these

20  activities inconsistent with the reported disabling symptoms.  *Fair*, 885 F.2d at

ORDER - 16

603; *Molina*, 674 F.3d at 1113.  "While a claimant need not vegetate in a dark room in order to be eligible for benefits, the ALJ may discount a claimant's symptom claims when the claimant reports participation in everyday activities indicating capacities that are transferable to a work setting" or when activities "contradict claims of a totally debilitating impairment."  *Molina*, 674 F.3d at 1112-13.

The ALJ found Plaintiff's ability to obtain an associate degree and pursue further education was inconsistent with his allegations.  Tr. 1864.  Plaintiff obtained his associates of arts degree in criminal justice and reported taking two business classes in 2018.  Tr. 1483.  The ALJ also found Plaintiff's social activities were inconsistent with his allegations.  Tr. 1864.  Plaintiff flew out of the country for a vacation and traveled to Hawaii in 2017, traveled to Seattle to spend a couple days with a friend in 2018, took a road trip to New Mexico in 2019, played cards at the casino with friends on multiple occasions, planned a barbeque, and was planning a three-week international trip in 2019.  *Id.*  Plaintiff's allegations regarding his physical limitations were also inconsistent with his activities, including his ability to go kayaking weekly, on long distance walks while on a trip, swim in the ocean, travel on multiple trips, walk one mile per day, handle yardwork, and paint his house.  *Id.*  Plaintiff also reported occasional fishing.  Tr. 2360.

ORDER - 17

1    The ALJ also noted Plaintiff made inconsistent statements about his

2    activities. Tr. 1863. While Plaintiff testified he had no plans to pursue another

3    degree, medical records indicate he was continuing school after completing this

4    degree. *Id.* Plaintiff reported in his function report that he was unable to kayak,

5    Tr. 439, but he reported to a medical provider that he kayaked weekly in 2017, Tr.

6    1069. While Plaintiff reported he cannot handle walking even short distances on

7    level ground, Tr. 439, he reported to a provider in 2020 he walked one mile per

8    day, Tr. 2360.

9        Plaintiff contends his trips were suggested by his mental health provider, and

10    the ones that occurred did not go well, while others did not happen. ECF No. 10 at

11    14. The ALJ reasonably found Plaintiff's ability to travel long distances on

12    multiple occasions, even with difficulty, is inconsistent with his allegations of

13    significant mental and physical limitations. Plaintiff also contends the ALJ did not

14    explain how his ability to attend school part-time was inconsistent with his

15    allegations. *Id.* at 16. However, the ALJ reasonably found Plaintiff's ability to

16    attend classes and successfully obtain his degree was inconsistent with Plaintiff's

17    allegations of limitations that prevent him from engaging in even sedentary work.

18    Plaintiff does not address the ALJ's findings regarding his other activities. This

19    was a clear and convincing reason, supported by substantial evidence, to reject

20    Plaintiff's symptom claims.

ORDER - 18

### 3. Improvement with Treatment

The ALJ found Plaintiff's allegations were inconsistent with Plaintiff's improvement with treatment. Tr. 1861-63. The effectiveness of treatment is a relevant factor in determining the severity of a claimant's symptoms. 20 C.F.R. §§ 404.1529(c)(3); *see Warre v. Comm'r of Soc. Sec. Admin.*, 439 F.3d 1001, 1006 (9th Cir. 2006); *Tommasetti v. Astrue*, 533 F.3d 1035, 1040 (9th Cir. 2008) (a favorable response to treatment can undermine a claimant's complaints of debilitating pain or other severe limitations).

After undergoing a right hip labral repair in June 2017, Plaintiff was noted as doing well, and reporting no pain. Tr. 1862 (citing Tr. 1675). Plaintiff reported mild pain with activity in November 2017 and did not complain of hip pain again until June 2018. Tr. 1862 (citing Tr. 1678-79, 1802). Plaintiff received a steroid injection in June 2018 and reported significant pain improvement from the injection. Tr. 1862 (citing Tr. 1802, 1811). Plaintiff also reported improvement in his lumbar pain with steroid injections, and he reported significant pain relief with bilateral medial branch blocks in 2018. Tr. 1862 (citing Tr. 1694, 1712, 1785). Plaintiff reported he no longer experienced facetogenic discomfort after a radiofrequency ablation of the lumbar spine, and his physical therapy notes document improvement in his pain, range of motion, and strength. Tr. 1862 (citing Tr. 1728, 1801). After a car accident in 2021, Plaintiff reported improvement with

ORDER - 19

chiropractic care and physical therapy.  Tr. 1862-63 (citing Tr. 2398, 2531-82).

Plaintiff did not challenge this reason, thus any challenge is waived.  *See*

*Carmickle*, 533 F.3d at 1161 n.2.  The ALJ reasonably found Plaintiff's

impairments, when treated, were not as severe as alleged.  This was a clear and

convincing reason, supported by substantial evidence, to reject Plaintiff's symptom

claims.

### 4.  Work History

The ALJ found Plaintiff's work history was inconsistent with his allegations.

Tr. 1864.  Working with an impairment supports a conclusion that the impairment

is not disabling.  *See Drouin v. Sullivan*, 966 F.2d 1255,1258 (9th Cir. 1992); *see*

*also Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1227 (9th Cir. 2009)

(seeking work despite impairment supports inference that impairment is not

disabling).

Although Plaintiff alleges disability beginning in 2015, Plaintiff worked at a

substantial gainful activity level from July 2016 through October 2016.  Tr. 1864.

Plaintiff's job ended due to it being a seasonal role.  *Id.*  Plaintiff contends that

while working as a park ranger in 2016, he cursed at people and became physical

with them in the park, but he believed this was never reported to his boss because

the individuals were engaged in illicit activities in the park.  ECF No. 10 at 15.

Plaintiff also alleges he had accommodations his employer was unaware of, such

as taking one hour at a time to lay down in his truck during the workday.  ECF No. 13 at 3.  However, Plaintiff was able to successfully maintain the full-time job for the season, and there is no evidence to support his allegations regarding his difficulties and accommodations in the job.  The ALJ reasonably found Plaintiff's work activity was inconsistent with Plaintiff's allegations.  This was a clear and convincing reason to reject Plaintiff's symptom claims.

### 5. Substance Use

The ALJ found Plaintiff made inconsistent statements about his substance use.  Tr. 1864.  In evaluating a claimant's symptom claims, an ALJ may consider the consistency of an individual's own statements made in connection with the disability-review process with any other existing statements or conduct under other circumstances.  *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (The ALJ may consider "ordinary techniques of credibility evaluation," such as reputation for lying, prior inconsistent statements concerning symptoms, and other testimony that "appears less than candid.").

The ALJ noted that Plaintiff testified he only occasionally used marijuana after his hip surgery, but he then admitted he used marijuana three to four times per week even prior to his surgery.  Tr. 1864.  Plaintiff also reported using methamphetamine in 2021, and having used cocaine, methamphetamine, and marijuana since October 2020.  Tr. 1864, 2130, 2442.  Plaintiff contends his

ORDER - 21

1  providers were aware of his substance use, and he did not make inconsistent

2  statements about his use.  ECF No. 13 at 4.  However, the ALJ identified

3  inconsistent statements made by Plaintiff regarding his reported marijuana use.

4  This was a clear and convincing reason, supported by substantial evidence, to

5  reject Plaintiff's symptom claims.  Plaintiff is not entitled to remand on these

6  grounds.

7      **C. Medical Opinion Evidence**

8          Plaintiff contends the ALJ erred in his consider of the opinions of Kirk Holle

9  and Linda Lindman, Ph.D.  ECF No. 10 at 16-19.  There are three types of

10  physicians: "(1) those who treat the claimant (treating physicians); (2) those who

11  examine but do not treat the claimant (examining physicians); and (3) those who

12  neither examine nor treat the claimant [but who review the claimant's file]

13  (nonexamining [or reviewing] physicians)."  *Holohan v. Massanari,* 246 F.3d

14  1195, 1201-02 (9th Cir. 2001) (citations omitted).  Generally, a treating physician's

15  opinion carries more weight than an examining physician's, and an examining

16  physician's opinion carries more weight than a reviewing physician's.  *Id.* at 1202.

17  "In addition, the regulations give more weight to opinions that are explained than

18  to those that are not, and to the opinions of specialists concerning matters relating

19  to their specialty over that of nonspecialists."  *Id*. (citations omitted).

20

ORDER - 22

If a treating or examining physician's opinion is uncontradicted, the ALJ

may reject it only by offering "clear and convincing reasons that are supported by

substantial evidence." *Bayliss v. Barnhart,* 427 F.3d 1211, 1216 (9th Cir. 2005).

"However, the ALJ need not accept the opinion of any physician, including a

treating physician, if that opinion is brief, conclusory and inadequately supported

by clinical findings." *Bray*, 554 F.3d at 1228 (internal quotation marks and

brackets omitted). "If a treating or examining doctor's opinion is contradicted by

another doctor's opinion, an ALJ may only reject it by providing specific and

legitimate reasons that are supported by substantial evidence." *Bayliss*, 427 F.3d at

1216 (citing *Lester v. Chater*, 81 F.3d 821, 831 (9th Cir. 1990)). The opinion of a

nonexamining physician may serve as substantial evidence if it is supported by

other independent evidence in the record. *Andrews v. Shalala*, 53 F.3d 1035, 1041

(9th Cir. 1995).

"Only physicians and certain other qualified specialists are considered

'[a]cceptable medical sources.'" *Ghanimn*, 763 F.3d at 1161 (alteration in

original); *see* 20 C.F.R. § 404.1502 (2011)[4]. However, an ALJ is required to

_____

[4] This section was amended in 2017, effective March 27, 2017, and in 2018,

effective October 15, 2018. *See* 20 C.F.R. § 404.1502. Plaintiff filed his claim

before March 27, 2017, and the Court applies the regulation in effect at the time

ORDER - 23

1 consider evidence from non-acceptable medical sources.  20 C.F.R. § 404.1527(f).

2 An ALJ may reject the opinion of a non-acceptable medical source by giving

3 reasons germane to the opinion.  *Ghanim*, 763 F.3d at 1161.

4    *1. Mr. Holle*

5    On January 4, 2017, Mr. Holle, an examining physical therapist, conducted a

6 physical examination and rendered an opinion on Plaintiff's functioning.  Tr. 685-

7 701.  Mr. Holle opined Plaintiff could sit for one hour at a time for a total of four

8 hours, stand for 45 minutes at a time for a total of three hours, walk for 30 minutes

9 at a time for a total of two hours, and alternate sit/stand/walk for eight hours.  Tr.

10 685.  Mr. Holle opined Plaintiff could seldomly perform work on ladders, climb

11 ladders, and crawl; occasionally climb stairs, twist trunk, bend/stoop, kneel, and

12 squat; frequently twist neck, work above shoulders, and operate foot controls; and

13 he is not restricted in his other postural functioning.  *Id*.  He further opined Plaintiff

14 can lift 40 pounds seldomly, 32 pounds occasionally, and 20 pounds frequently

15 from waist to shoulders; he can carry 30 pounds seldomly, 24 pounds occasionally,

16 and 15 pounds frequently; he can push 50 pounds seldomly, 40 pounds

17 occasionally, and 25 pounds frequently; and he can pull 40 pounds seldomly, 32

18 _____

19 Plaintiff's claim was filed.  *See* 20 C.F.R. § 404.1502 (noting changes apply only

20 for claims filed on or after March 27, 2017).

ORDER - 24

pounds occasionally, and 20 pounds frequently. *Id.* He also opined Plaintiff was able to return to his job of injury. Tr. 686.

The ALJ gave the labor and industry opinions, which includes Mr. Holle's opinion, little weight. Tr. 1865. Plaintiff cites to case law that addresses physician's opinions; however, Mr. Holle is a physical therapist, and not a physician. ECF No. 10 at 16-17. As Mr. Holle is not an acceptable medical source, the ALJ was required to give germane reasons to reject the opinion. *See Ghanim*, 763 F.3d at 1161.

The ALJ found Mr. Holle's opinion was refuted by the opinion of Dr. Anderson. Tr. 1865. Dr. Anderson conducted an independent medical examination in October 2016, and on February 18, 2017, he reviewed Plaintiff's medical records, including Mr. Holle's examination records and opinion. Tr. 1861 (citing Tr. 757-59). Dr. Anderson opined there was no objective basis for Mr. Holle's opined limitations, and the limitations were not consistent with the diagnostic imaging studies. Tr. 1861 (citing Tr. 759). Mr. Holle's examination documented generally normal range of motion, reflexes, straight leg raise tests, strength, and gait. Tr. 691-93. He was able to lift up to 40 pounds, depending on the task. Tr. 695-97. Plaintiff was able to climb stairs without the use of a handrail and was able to climb a ladder. Tr. 697-98. Imaging documented largely benign findings. Tr. 1863-64. While Plaintiff offers an alternative interpretation

of the evidence, the ALJ reasonably found gave little weight to Mr. Holle's

opinion.

### 2. Dr. Lindman

On December 20, 2016, Dr. Lindman, a treating provider, saw Plaintiff and

documented treatment notes in a medical record.  Tr. 778-79.  Plaintiff contends

Dr. Lindman indicated Plaintiff struggles with forgetfulness, irritability,

distractibility, self-isolating, and a loss of interest in activities.  ECF No. 10 at 18.

Plaintiff contends Dr. Lindman opined Plaintiff's presentation indicates a severe

mental impairment, and his limitations would preclude his ability to work.  *Id.*

Plaintiff does not cite to where in the record Dr. Lindman reportedly stated

Plaintiff's symptoms preclude employment.  The only page of Dr. Lindman's

records that Plaintiff cited to does not contain such a statement.  Tr. 779.  Further,

Dr. Lindman's records state Plaintiff self-reported forgetfulness, depression, self-

isolation, irritability, distractibility and loss of interest.  Tr. 779.  Dr. Lindman

stated Plaintiff's reported symptoms were inconsistent with head injury-induced

memory problems, and noted further testing was needed.  Tr. 782.  After testing

was completed, Dr. Lindman's testing of Plaintiff indicated "inconsistent effort,"

and results should be interpreted "with caution."  Tr. 787.

Defendant contends Dr. Lindman's statements do not amount to an opinion.

ECF No. 12 at 9-10.  Plaintiff did not respond to this contention.  ECF No. 13.  As

the only medical record Plaintiff cited to contains statements that are explicitly

labeled Plaintiff's self-report, the records support Defendant's contention that the

statements are not medical opinions.  As such, the ALJ was not required to address

the statements.  *See Vincent on Behalf of Vincent v. Heckler*, 739 F.2d 1393, 1394-

95 (9th Cir. 1984).  Plaintiff is not entitled to remand on these grounds.

**D. Step Five**

Plaintiff contends the ALJ erred at step five by relying on vocational expert

testimony given in response to an incomplete hypothetical.  ECF No. 10 at 19-21.

However, Plaintiff's argument is based entirely on the assumption that the ALJ

erred in considering the medical opinion evidence and Plaintiff's symptom claims.

*Id.*  For reasons discussed throughout this decision, the ALJ's consideration of

Plaintiff's symptom claims and the medical opinion evidence are legally sufficient

and supported by substantial evidence.  Thus, the ALJ did not err in finding

Plaintiff capable of performing other work in the national economy based on the

hypothetical containing Plaintiff's RFC.  Plaintiff is not entitled to remand on these

grounds.

**CONCLUSION**

Having reviewed the record and the ALJ's findings, the Court concludes the

ALJ's decision is supported by substantial evidence and is free of harmful legal

error.  Accordingly, **IT IS HEREBY ORDERED**:

ORDER - 27

1    1. The District Court Executive is directed to substitute Martin O'Malley as

2 Defendant and update the docket sheet.

3    Plaintiff's Brief, **ECF No. 10**, is **DENIED**.

4    2. Defendant's Brief, **ECF No. 12**, is **GRANTED**.

5    3. The Clerk's Office shall enter **JUDGMENT** in favor of Defendant.

6    The District Court Executive is directed to file this Order, provide copies to

7 counsel, and **CLOSE THE FILE**.

8    DATED December 28, 2023.

9                    _s/Mary K. Dimke_
                    MARY K. DIMKE
10              UNITED STATES DISTRICT JUDGE

11

12

13

14

15

16

17

18

19

20

ORDER - 28